UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANCIS E. DAVIS,<br><br>     Plaintiff,<br><br>  -v-<br><br>FIDELITY PROPERTIES, INC. *dba*<br>FIDELITY NATIONAL COLLECTIONS,<br><br>     Defendant. | Case No. 4:21-cv-00285<br><br>Judge<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Francis E. Davis, for his Complaint against Fidelity Properties, Inc. *dba* Fidelity National Collections ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful collection practices as outlined in this Complaint, *infra*.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Ohio and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Ohio.

PARTIES

4. Plaintiff, Francis E. Davis ("Davis"), is a natural adult person residing in Warren, Ohio, which lies within the Northern District of Ohio.

5. Davis is a "consumer" as that term is defined and/or used within the FDCPA.

6. Defendant, Fidelity Properties, Inc. *dba* Fidelity National Collections, is an Ohio corporation in the business of collecting consumer debts on behalf of others within the State of Ohio and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. In its communications to consumers, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, members, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. As Davis was reviewing his credit reports, he discovered multiple entries bearing Defendant's name reporting consumer medical debts originally incurred to *Ohio North East Health System* in an active collection status (collectively, the "Debt"). Relevant pages from Davis' Experian credit report, dated December 11, 2020, are attached to this Complaint as Exhibit A.

11. Davis also discovered that Defendant had updated its furnishing of the Debt to Experian as recently as December 1, 2020. *See* Exhibit A.

12. On December 11, 2020, Davis accessed Defendant's website to ascertain additional information concerning the collection accounts appearing on his credit report and the Debt Defendant was attempting to collect from him. A screenshot of one of Defendant's webpages accessed by Davis is attached to this Complaint as Exhibit B.

13. During Davis' access to Defendant's website, Defendant identified itself to Davis as a "collection agency" attempting to collect a "debt."

14. Defendant attempted to collect the Debt from Davis during his accessing of Defendant's website, including stating, *inter alia*: (i) "This site provides a secure payment portal for making online payments."; (ii) "Please ensure you are paying the correct party."; (iii) "Make a payment using any of: . . . "; and (iv) "This is an attempt to collect a debt.  Any information obtained will be used for that purpose."

15. During Davis' access to Defendant's website, Defendant represented to Davis that it was entitled to collect a "processing fee of 4.0%" from him if he chose to make a payment towards the Debt via Defendant's website (the "Processing Fee").  *See* Exhibit B.

16. The Processing Fee is not expressly authorized pursuant to any underlying written contract or agreement between Davis and *Ohio North East Health System*.

17. After a reasonable time to conduct discovery, Davis believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

18. In conjunction with Defendant's adverse credit reporting concerning the Debt, Plaintiff was misled by Defendant during his access to Defendant's website.

19. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Debt from him.

20. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

21. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1)*

22. All prior paragraphs are incorporated into this count by reference.

23. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. §§ 1692f and f(1).

24. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1) by representing to Plaintiff that he would be charged the Processing Fee if he chose to pay the Debt via Defendant's website. Defendant's charging of the Processing Fee is not authorized per contract, statute or otherwise and, therefore, Defendant was not legally entitled to collect it from Plaintiff. For Defendant to represent otherwise to Plaintiff, as reflected on its website, constitutes a false,

deceptive and/or misleading representation to the extent Defendant stated and/or implied that it could legally collect such additional money from Plaintiff when, in actuality, it could not.

25. As set forth in paragraphs 18 through 21, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Francis E. Davis, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

D. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 3rd day of February, 2021.        Respectfully Submitted,

       /s/ Geoff B. McCarrell
Geoff B. McCarrell (OH #0086427)
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Avenue, Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Francis E. Davis*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                        */s/ Geoff B. McCarrell*
                                        Geoff B. McCarrell (OH #0086427)
                                        CONSUMER LAW PARTNERS, LLC